UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLISON BURGOYNE, as Personal
Representative of the Estate of A.M.B.,
a minor,

      Plaintiff,                       CASE NO.:

v.

UNITED STATES OF AMERICA,

      Defendant.
_____/

## COMPLAINT

Plaintiff, ALLISON BURGOYNE, as Personal Representative of the Estate

of A.M.B., hereby sue Defendant, United States of America, and allege:

1.      This is an action for damages in excess of $75,000.00, exclusive of

interest and costs.

2.      The United States of America (hereinafter "Defendant") is the

Defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C.

§1346(b) and §2671. *et. seq.*.

3.      At all times material, Plaintiff Allison Burgoyne and Jacob Burgoyne

were married and living together as residents of Jacksonville, Duval County,

Florida.  This Court has jurisdiction over this cause and venue is proper in the

circumstances giving rise to this cause of action occurred in Jacksonville, Duval County, Florida.

4.     Allison Burgoyne and Jacob Burgoyne are the natural parents of A.M.B., a deceased minor.

5.     Allison Burgoyne is the Personal Representative of the Estate of A.M.B., a deceased minor.

6.     The following are survivors and beneficiaries of a claim for the wrongful death of A.M.B.:

    a) Allison Burgoyne, mother;

    b) Jacob Burgoyne, father; and

    c) The Estate of A.M.B., a deceased minor.

7.     At all times material, Defendant Naval Hospital Jacksonville is a military hospital located and operating in Jacksonville, Florida, which is owned and operated by Defendant United States of America.

8.     At all times material, Naval Hospital employed medical and nursing staff that treated Allison Burgoyne and A.M.B., her newborn child, including but not limited to Protegenie Reed, CNM ("CNM Reed"), LT Adam J. Will, M.D. ("Dr. Will"), Elizabeth C. Merrell, M.D. ("Dr. Merrell"), LCDR Kerry L. Buckley, M.D. ("Dr. Buckley"), Jack R. Stacey, M.D. ("Dr. Stacey"), Ruth E. Gardner, M.D. ("Dr. Gardner"), Jason M. Pesqueira, M.D. (Dr. Pesqueira"), Sara E. Carroll, M.D. ("Dr.

Carroll"), Casey S. Adams, CNM ("CNM Adams"), Dawn L. Martin, RN ("Nurse Martin"), Tomeka McDonald, RN ("Nurse McDonald"), Kim J. Baughman, RN ("Nurse Baughman"), Angela M. Hille, RN ("Nurse Hille"), James N. Hall, RN ("Nurse Hall"), Ethan M. Berg, RN ("Nurse Berg"), Abigail S. Dozier, HN ("Corpsman Dozier"), Ifeoluwapo O. Olayemi, HN ("Corpsman Olayemi"), Michael A. Bliemeister, HN ("Corpsman Bliemeister"), Juan D. Serrato HN ("Corpsman Serrato"), and Victor E. Ward, HN ("Corpsman Ward").

9.    At all times material, Naval Hospital Jacksonville medical and nursing staff, including but not limited to CNM Reed, Dr. Will, Dr. Merrell, Dr. Buckley, Dr. Stacey, Dr. Gardner, Dr. Pesqueira, Dr. Carroll, CNM Adams, Nurse Martin, Nurse McDonald, Nurse Baughman, Nurse Hille, Nurse Hall, Nurse Berg, Corpsman Dozier, Corpsman Olayemi, Corpsman Bliemeister, Corpsman Serrato, and Corpsman Ward, were acting within the course and scope of their employment with Defendant United States of America when they provided labor, delivery and medical care and treatment to Allison Burgoyne and A.M.B., her newborn child.

10.    At all times material, Naval Hospital Jacksonville medical and nursing staff, including but not limited to CNM Reed, Dr. Will, Dr. Merrell, Dr. Buckley, Dr. Stacey, Dr. Gardner, Dr. Pesqueira, Dr. Carroll, CNM Adams, Nurse Martin, Nurse McDonald, Nurse Baughman, Nurse Hille, Nurse Hall, Nurse

3

Berg, Corpsman Dozier, Corpsman Olayemi, Corpsman Bliemeister, Corpsman

Serrato, and Corpsman Ward, were acting within the course and scope of their

employment with Defendant United States of America when they provided

labor, delivery and medical care and treatment to Allison Burgoyne.

11.     At all times material, Naval Hospital Jacksonville medical and

nursing staff, including but not limited to CNM Reed, Dr. Will, Dr. Merrell, Dr.

Buckley, Dr. Stacey, Dr. Gardner, Dr. Pesqueira, Dr. Carroll, CNM Adams, Nurse

Martin, Nurse McDonald, Nurse Baughman, Nurse Hille, Nurse Hall, Nurse

Berg, Corpsman Dozier, Corpsman Olayemi, Corpsman Bliemeister, Corpsman

Serrato, and Corpsman Ward, owed a duty to Allison Burgoyne and A.M.B. to

provide them with medical and nursing care and treatment which met the

appropriate standard of care in treating patients such as Allison Burgoyne and

A.M.B. Further, Naval Hospital Jacksonville medical and nursing staff owed a

duty to Allison Burgoyne and A.M.B. to exercise that degree of knowledge or

skill possessed, or the degree of care ordinarily exercised under the

circumstances of their treatment, by health care providers in the field or specialty

in which Naval Hospital Jacksonville medical and nursing staff were practicing.

12.     At all times material, Naval Hospital medical and nursing staff,

including but not limited to CNM Reed, Dr. Will, Dr. Merrell, Dr. Buckley, Dr.

Stacey, Dr. Gardner, Dr. Pesqueira, Dr. Carroll, CNM Adams, Nurse Martin,

Nurse McDonald, Nurse Baughman, Nurse Hille, Nurse Hall, Nurse Berg,

Corpsman Dozier, Corpsman Olayemi, Corpsman Bliemeister, Corpsman

Serrato, and Corpsman Ward, breached the duty owed to Allison Burgoyne and

A.M.B. to provide them with medical and nursing care and treatment which met

the appropriate standard of care in treating patients such as Allison Burgoyne

and A.M.B., and to exercise that degree of knowledge or skill possessed, or the

degree of care ordinarily exercised under the circumstances of their treatment, by

health care providers in the field or specialty in which Naval Hospital

Jacksonville medical and nursing staff were practicing.

13.    On or about August 5, 2020, administrative tort claim forms were

filed with the Office of the Judge Advocate General, Tort Claims Unit Norfolk,

on behalf of Allison Burgoyne, Jacob Burgoyne, and the Estate of A.M.B..

Defendant United States of America denied the administrative tort claim by

letter dated December 10, 2020.

14.    All the conditions precedent for bringing this lawsuit have occurred

or have been waived.

## GENERAL ALLEGATIONS

Plaintiffs incorporate and reallege paragraphs 1 through 14 above and

further allege:

5

15.     On or about November 1, 2019, Allison Burgoyne presented to
Naval Hospital Jacksonville at approximately 9:30 a.m. for child delivery. At the
time, she had complaints of headache, blurry vision, and mild right upper
quadrant pain.

16.     On November 1, 2019, Mrs. Burgoyne's "Subjective/Focused Review
of Systems" collected by LT Tory L. Albertson, NC included that she was positive
for hypertension/pre-eclampsia.

17.     Triage assessment of Mrs. Burgoyne's status showed the fetal heart
rate ("FHR") with moderate variability, accelerations present, decelerations
absent, and baseline FHR at 145.

18.     On November 1, 2019 at approximately 2:09 p.m., Mrs. Burgoyne's
admission diagnosis included diabetes and gestational diabetes mellitus.

19.     On November 1, 2019, Mrs. Burgoyne was a considered a *high-risk*
pregnancy patient due to maternal obesity and diabetes.

20.     Mrs. Burgoyne's attending physician, Dr. Buckley, believed Mrs.
Burgoyne's clinical picture was not significant for preeclampsia and believed
uncontrolled glucose to be the source of her clinical symptoms.

21.     On November 1, 2019 at approximately 2327, Dr. Cantrell performed
the first sterile vaginal exam ("SVE") of Mrs. Burgoyne.

6

22.     Between November 1, 2019 at approximately 11:27 p.m. and November 3, 2019 at approximately 7:04 a.m., medical staff at Naval Hospital Jacksonville performed no less than nine SVE's of Mrs. Burgoyne.

23.     On November 2, 2019 at approximately 12:15 a.m., Mrs. Burgoyne received her first dose of Vancomycin.

24.     Between November 2, 2019 at approximately 12:15 a.m. and November 3, 2019 at approximately 11:32 a.m., Mrs. Burgoyne received no less than three doses of Vancomycin.

25.     On November 2, 2019 at approximately 5:29 a.m., Oxytocin (Pitocin) was started at 2 mU/min., which was increased to 4 mU/min. at 6:00 a.m..

26.     Between November 2, 2019 at approximately 5:29 a.m. and November 3, 2019 at approximately 8:25 a.m., Mrs. Burgoyne's Pitocin was increased to 40 mU/min.

27.     On November 2, 2019 at approximately 3:40 p.m., Mrs. Burgoyne's cervical dilation was 5 cm, effacement was 70%, and Station of -1. Approximately 9 minutes later, at 3:49 p.m., records indicate Mrs. Burgoyne's membranes were ruptured.

28.     On November 2, 2019 between approximately 5:20 p.m. and 5:35 p.m., an epidural was attempted and finally inserted on the third attempt. Late decelerations were noted to be present at the conclusion of the procedure.

29.     On November 2, 2019 at approximately 9:50 p.m., 6 mg/ml Betamethasone was administered.

30.     On November 3, 2019 at approximately 12:58 p.m., A.M.B. was vaginally delivered.

31.     Following vaginal delivery, A.M.B. was transferred to the neonatal intensive care unit at Naval Hospital Jacksonville for further care and treatment.

32.     On November 3, 2019, medical and nursing staff in the Newborn Nursery at Defendant Naval Hospital Jacksonville, including but not limited to Dr. Stacey, Dr. Gardner, Dr. Pesqueira, Dr. Carroll, CNM Adams, Nurse Martin, Nurse McDonald, Nurse Baughman, Nurse Hille, Nurse Hall, Nurse Berg, Corpsman Dozier, Corpsman Olayemi, Corpsman Bliemeister, Corpsman Serrato, and Corpsman Ward, provided hands on care to A.M.B, including but not limited to physical examinations, bathing, applying supplemental oxygen, and feeding.

33.     The Naval Hospital Jacksonville Birth Certificate Worksheet noted Mrs. Burgoyne had greater than 12 hours rupture of membranes.

34.     On November 3, 2019, A.M.B. was transferred to the NICU at UF Health Shands Jacksonville for medical care and treatment associated with probable sepsis and respiratory distress.

35.     On November 5, 2019 at approximately 1328, CNM Adams recorded that Mrs. Burgoyne "was diagnosed with pre-eclampsia with severe features which resulted in her induction of labor."

36.     On November 10, 2019, at 7 days old, A.M.B. died as a result of complications from septic shock secondary to a hospital acquired infection.

## COUNT I

## NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA
### (Medical Staff Negligence)

Plaintiffs reallege and incorporate paragraphs 1 through 36 above and further state:

37.     At all times relative hereto, the medical and nursing staff of Defendant Naval Hospital Jacksonville, including but not limited to CNM Reed, CNM Adams, Dr. Will, Dr. Merrell, and Dr. Buckley, each had a duty to use that degree of care and skill in their treatment of A.M.B. that a reasonably competent physician and/or health care provider engaged in the same or similar practice and acting in similar circumstances would use.

38.     Defendant, by and through its medical staff at Naval Hospital Jacksonville, including but not limited to CNM Reed, CNM Adams, Dr. Will, Dr. Merrell, and Dr. Buckley, breached its duty owed to Allison Burgoyne, and was negligent as follows:

a) Failing to provide timely and proper medical and obstetrical care and treatment to Allison Burgoyne;

b) Failing to provide timely and proper medical management of Allison Burgoyne's labor and delivery, including but not limited to failing to discontinue Pitocin;

c) Failing to provide timely and proper medical interventions, including but not limited to cesarean section;

d) Failing to provide timely and proper medical evaluations and medical management by appropriate medical professionals, including but not limited to obstetric physicians;

e) Failing to provide timely and proper monitoring and evaluation of Allison Burgoyne's labor and delivery;

f) Failing to follow hospital policies and procedures for labor, delivery and neonatal care;

g) Failing to provide timely and proper medical and diagnostic services;

h) Failing to timely and properly respond to Allison Burgoyne's developing infection;

i)   Failing to maintain appropriate sterile technique during labor, delivery and post-delivery neonatal care of A.M.B. resulting in hospital acquired infection;

j)   Failing to ensure Allison Burgoyne's infection did not compromise her unborn child;

k)   Failing to timely and properly prevent A.M.B.'s hospital-acquired Klebsiella pneumoniae;

l)   Failing to timely and properly diagnose and respond to Allison Burgoyne and A.M.B.'s condition;

m)  Failing to timely and properly deliver A.M.B.;

n)   Failing to timely recognize signs and symptoms of infection in A.M.B.;

o)   Failing to timely and properly respond to A.M.B's infection;

p)   Failing to timely administer anti-biotic therapy for A.M.B.; and,

q)   Failing to otherwise provide appropriate medical care to Allison Burgoyne and A.M.B.

39.   As a direct and proximate result of the negligence of Defendant United States of America, by and through its medical staff, including but not limited to Protegenie Reed, CNM, Casey S. Adams, CNM, LT Adam J. Will, M.D., Elizabeth C. Merrell, M.D., LCDR Kerry L. Buckley, M.D, Jack R. Stacey,

M.D., Ruth E. Gardner, M.D., Jason M. Pesqueira, M.D., and Sara E. Carroll,

M.D., A.M.B. sustained significant physical injuries, resulting in her death on

November 10, 2019.

40.     As a further direct and proximate result of the negligence Defendant

United States of America, by and through its medical staff, including but not

limited to Protegenie Reed, CNM, Casey S. Adams, CNM, LT Adam J. Will,

M.D., Elizabeth C. Merrell, M.D., LCDR Kerry L. Buckley, M.D, Jack R. Stacey,

M.D., Ruth E. Gardner, M.D., Jason M. Pesqueira, M.D., and Sara E. Carroll,

M.D., Plaintiff Allison Burgoyne suffered the loss of her child, including the loss

of services, support, companionship, comfort, society, love, affection, solace, and

loss of the enjoyment of life.  Allison Burgoyne has experienced great mental

pain and suffering in the past and will continue to experience great mental pain

and suffering in the future.

41.     As a further direct and proximate result of the negligence Defendant

United States of America, by and through its medical staff, including but not

limited to Protegenie Reed, CNM, Casey S. Adams, CNM, LT Adam J. Will,

M.D., Elizabeth C. Merrell, M.D., LCDR Kerry L. Buckley, Jack R. Stacey, M.D.,

Ruth E. Gardner, M.D., Jason M. Pesqueira, M.D., and Sara E. Carroll, M.D.,

Plaintiff Jacob Burgoyne, suffered the loss of his child, including the loss of

services, support, companionship, comfort, society, love, affection, solace, and

loss of the enjoyment of life. Jacob Burgoyne has experienced great mental pain and suffering in the past and will continue to experience great mental pain and suffering in the future.

42.     As a further direct and proximate result of the negligence Defendant United States of America, by and through its medical staff, including but not limited to Protegenie Reed, CNM, Casey S. Adams, CNM, LT Adam J. Will, M.D., Elizabeth C. Merrell, M.D., LCDR Kerry L. Buckley, M.D, Jack R. Stacey, M.D., Ruth E. Gardner, M.D., Jason M. Pesqueira, M.D., and Sara E. Carroll, M.D., the Estate of A.M.B. has experienced a loss of income, loss of net accumulations and has incurred medical and funeral expenses.

WHEREFORE, Plaintiff demands judgment for damages and costs against Defendant United States of America.

## COUNT II

## NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA
## (NURSING STAFF AND CORPMAN NEGLIGENCE)

Plaintiffs reallege and incorporate paragraphs 1 through 38 above and further state:

43.     On November 1, 2019 at approximately 9:30 a.m., Allison Burgoyne presented to Naval Hospital Jacksonville for child birth with initial complaints of headache, blurry vision, and mild right upper quadrant pain.

44.     Between Allison Burgoyne's arrival at Defendant Naval Hospital Jacksonville on November 1, 2019 at approximately 9:30 a.m. and the delivery of A.M.B. on November 3, 2019 at approximately 12:58 p.m., nursing staff at Naval Hospital Jacksonville, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, performed numerous nursing evaluations of Mrs. Burgoyne's labor and delivery status.

45.     From the time of her birth on November 3, 2019 until the time of transfer to UF Health Shands Jacksonville, nursing staff at Naval Hospital Jacksonville, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, provided hands-on nursing care and treatment to A.M.B., including but not limited to bathing and changing her.

46.     On November 3, 2019, A.M.B. was diagnosed with Klebsiella pneumonia and severe sepsis, and expired as a result of septic shock secondary to hospital acquired infection on November 10, 2019.

14

47.    Defendant, by and through its nursing and corpsmen staff at Naval Hospital Jacksonville, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, breached its duty owed to Allison Burgoyne, and was negligent as follows:

a)  Failing to provide timely and proper nursing care and treatment to Allison Burgoyne;

b)  Failing to provide proper and appropriate hospital corpsmen services;

c)  Failing to provide timely and proper care and treatment to prevent A.M.B.'s hospital-acquired Klebsiella pneumonia;

d)  Failing to utilize proper nursing safety equipment to prevent the spread of Klebsiella pneumonia, including but not limited to failing to wear gloves when providing nursing care to A.M.B. in the neonatal intensive care unit;

e)  Failing to maintain sterile technique during labor, delivery and post-delivery neonatal care resulting in hospital acquired infection;

15

f) Failing to provide timely and proper monitoring and evaluation of Allison Burgoyne's medical status;

g) Failing to follow hospital policies and procedures for labor, delivery and neonatal care;

h) Failing to provide timely and proper reporting of Allison Burgoyne's medical status;

i) Failing to timely recognize signs and symptoms of infection in Allison Burgoyne;

j) Failing to timely recognize signs and symptoms of infection in A.M.B.; and

k) Failing to timely and properly respond to A.M.B's infection.

48.     As a direct and proximate result of the negligence of Defendant United States of America, by and through its nursing staff, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, A.M.B. sustained significant physical injuries, including but not limited to Klebsiella pneumonia and septic shock, resulting in her death on November 10, 2019 secondary to hospital acquired infection.

16

49.     As a further direct and proximate result of the negligence Defendant United States of America, by and through its nursing staff, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, Plaintiff Allison Burgoyne suffered the loss of her child, including the loss of services, support, companionship, comfort, society, love, affection, solace, and loss of the enjoyment of life.  Allison Burgoyne has experienced great mental pain and suffering in the past and will continue to experience great mental pain and suffering in the future.

50.     As a further direct and proximate result of the negligence Defendant United States of America, by and through its nursing staff, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, Plaintiff Jacob Burgoyne, suffered the loss of his child, including the loss of services, support, companionship, comfort, society, love, affection, solace, and loss of the enjoyment of life.  Jacob Burgoyne has experienced great mental pain and suffering in the past and will continue to experience great mental pain and suffering in the future.

51.     As a further direct and proximate result of the negligence Defendant United States of America, by and through its nursing staff, including but not limited to Dawn L. Martin, RN, Tomeka McDonald, RN, Kim J. Baughman, RN, Angela M. Hille, RN, James N. Hall, RN, Ethan M. Berg, RN, Abigail S. Dozier, HN, Ifeoluwapo O. Olayemi, HN, Michael A. Bliemeister, HN, Juan D. Serrato HN, and Victor E. Ward, HN, the Estate of A.M.B. has experienced a loss of income, loss of net accumulations and has incurred medical and funeral expenses.

WHEREFORE, Plaintiff demands judgment for damages and costs against Defendant United States of America.

## CERTIFICATE OF GOOD FAITH

The undersigned attorney certifies that a reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in the care and treatment of John Tucker.  The investigation gave rise to a good faith belief that grounds exist for the subject action against Defendant.

Dated this 3rd day of June, 2021.

CRONIN & MAXWELL, PL

Sean B. Cronin, Esquire
Florida Bar No. 146447
Michelle L. Davis, Esquire
Florida Bar No. 67913
4250 Lakeside Dr., Ste. 204
Jacksonville, Florida 32210
(904) 388-9555
(904) 388-0792 (Facsimile)
sean@croninmaxwell.com
mdavis@croninmaxwell.com
service-cm@croninmaxwell.com
Attorneys for Plaintiffs